**In re WITHERELL CORPORATION, Debtor.**

**WITHERELL CORPORATION, Plaintiff,**

v.

**William E. TURNBULL, Sr., Defendant.**

Bankruptcy No. 91–11638–R.

Adv. No. 92–0002–R.

United States Bankruptcy Court, E.D. Michigan.

Aug. 21, 1992.

---

Howard Sher, Troy, Mich., for plaintiff.

Richard Miettinen, Detroit, Mich., for defendant.

## ORDER

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on the plaintiff's motion for summary judgment. A response and a reply brief were filed, and a hearing was held on July 23, 1992.

### I.

Witherell Corporation owns 43 shares of Kean Investment Company, a limited partnership. William E. Turnbull, Sr. is the general partner of Kean Investment. On March 29, 1990, Mr. Turnbull made two loans to Witherell. The first loan was for $50,000, was due April 1, 1991, and was secured by a pledge of 21.5 shares of Witherell's interest in Kean Investment. The second loan was also for $50,000, was due April 1, 1992, and was secured by a pledge of Witherell's remaining 21.5 shares of Kean Investment.

On October 11, 1991, Witherell filed bankruptcy. At that time, it had not made

any payments to Mr. Turnbull. On January 2, 1992, Witherell filed an adversary proceeding seeking a declaratory judgment that Mr. Turnbull's security interest in Witherell's limited partnership interest is unperfected, and therefore avoidable under 11 U.S.C. § 544(a). This motion for summary judgment was filed on May 5, 1992. The issue before the Court is whether Mr. Turnbull's security interest was properly perfected.

Witherell asserts that Mr. Turnbull has not perfected his security interest in the limited partnership shares. It argues that the perfection of this security interest is governed by Article 9 of the Uniform Commercial Code, and that under this article, perfection can only be accomplished by the filing of a financing statement. Mr. Turnbull admits that he did not file such a statement. Therefore, Witherell asserts, his interest is unperfected.

Mr. Turnbull asserts that the perfection of his security interest is governed by Article 8 of the Uniform Commercial Code. He states that his interest is perfected under this provision, and that this motion for summary judgment should be denied.

## II.

Article 8 of the Uniform Commercial Code, set forth in M.C.L.A. § 440.8101 *et seq.*, applies to investment securities. In order for Mr. Turnbull to prevail on his assertion that the perfection of his interest is governed by this Article, Witherell's limited partnership interest must meet the definitional requirements of an investment security. Section 440.8102(1)(c) defines a security as either a certificated or an uncertificated security. Witherell's interest is not represented by an instrument, so the issue becomes whether its interest constitutes an uncertificated security.[1]

An uncertificated security is defined by M.C.L.A. § 440.8102(1)(b) as:

[A] share, participation, or other interest in property or an enterprise of the issuer or an obligation of the issuer which is:

(i) not represented by an instrument and the transfer of which is registered upon books maintained for that purpose by or on behalf of the issuer;

(ii) of a type commonly dealt in on securities exchanges or markets; and

(iii) either one of a class or series or by its terms divisible into a class or series of shares, participations, interests, or obligations.

The plain language of this statute indicates that the issuer is required to maintain records, and register any transfers of the securities. If these records are not maintained, the statutory requirements are not satisfied, and the property interest is not an uncertificated security.

▇▇▇ In that event, the transaction between the parties is not governed by Article 8. Instead, Article 9 (M.C.L.A. § 440.9101 *et seq.*) would determine whether Mr. Turnbull's security interest is perfected. Pursuant to M.C.L.A. § 440.9106, Witherell's interest in Kean Investment would be a general intangible. *In re Hartman*, 102 B.R. 90, 94 (Bankr.N.D.Tex.1989). Section 440.9302 requires the filing of a financing statement to perfect an interest in this type of property. It is undisputed that Mr. Turnbull did not file a financing statement. Therefore, his interest in Witherell's shares of Kean Investment would be unperfected.

The Court concludes that the best interests of justice require the Court to give the parties a further opportunity to submit evidence on the issue of whether Kean Investment maintains the type of records contemplated by M.C.L.A. § 440.8102(1)(b), and whether the claimed security interest was registered in those records. Such evidence shall be submitted within 21 days of this date. If it appears that such records are not maintained or that this security interest was not registered as required, the Court will grant the plaintiff's motion for summary judgment.

IT IS SO ORDERED.

---

**1.** Neither the parties nor the Court have been able to locate any case law on point.