**In re WITHERELL CORPORATION, Debtor.**

**WITHERELL CORPORATION, Plaintiff,**

**v.**

**William TURNBULL, Sr., Defendant.**

**Nos. 91–11638–R, 92–0002–R.**

United States Bankruptcy Court, E.D. Michigan.

Oct. 21, 1992.

Howard Sher, Troy, Mich., for plaintiff.

Richard Miettinen, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on the plaintiff's motion for summary judgment after briefing, hearing and supplemental briefing following this Court's order of August 21, 1992. 144 B.R. 64.

### I.

In this adversary proceeding, Witherell Corporation, the debtor, seeks a declaratory judgment that the defendant's security interest in the debtor's interest in a limited partnership is unperfected and thus voidable under 11 U.S.C. § 544(a) (1989). Mr. Turnbull, the defendant, is the general partner of Kean Investments Limited Partnership (the partnership). The debtor pledged its interest in the partnership to Mr. Turnbull as security for two loans from him. Mr. Turnbull did not file a financing statement to perfect his interest in the debtor's partnership interest.

The plaintiff filed a motion for summary judgment. After the hearing, the Court allowed the parties a further opportunity to provide additional evidence on the issue of whether the partnership shares are uncertificated securities under Article 8 of the Uniform Commercial Code (U.C.C.). Specifically, the issue is whether the transfers of interests of the partnership are "registered upon books maintained for that purpose by or on behalf of the issuer." Mich. Comp.L.Ann. § 440.8102(1)(b)(i) (Supp. 1992).

The evidence submitted pursuant to this Court's order indicates that the Partnership Agreement requires a transferor of a share of the partnership to submit to the general partner a written instrument of assignment and that the partnership's records are to be kept in the principal office of the partnership. Mr. Turnbull keeps copies of the assignment documents in a file folder in the main office. He contends that his maintenance of this file meets the registration requirement of § 440.8102(1)(b).

The plaintiff does not dispute that the files are kept, but argues that merely filing the document does not constitute registration. Further, it argues that the defendant did not take all the steps required for perfection under Article 8 because he never sent the plaintiff the written confirmation of registration required by § 440.8408(2).

### II.

█ The defendant argues that perfection of his security interest in the debtor's partnership interest is governed by Article 8 of the Uniform Commercial Code, as adopted in Michigan. Mich.Comp.L.Ann. §§ 440.8101–440.8408 (Supp.1992). Article 8 applies to the "registration of transfer, pledge, or release of an uncertificated security; . . . ." Mich.Comp.L.Ann. § 440.-8106(b) (Supp.1992). An uncertificated security is one which is "not represented by an instrument and the transfer of which is registered upon books maintained for that purpose by or on behalf of the issuer; . . . ." Mich.Comp.L.Ann. § 440.-8102(1)(b)(i) (Supp.1992).

The partnership agreement in this case states, "Any assignment of Units by a Limited Partner shall be registered on the books of the Partnership by the submission to the General Partner of a written instrument of assignment satisfactory in form and content to the General Partner." Partnership Agreement, ¶ 11.02(a), Defendant's Evidence of Maintenance of Partnership Records, Exhibit A. Mr. Turnbull stated in his affidavit, Defendant's Evidence of Maintenance of Partnership Records, Exhibit C, that he maintains copies of the assignment documents submitted to him pursuant to the agreement in a folder in a file cabinet in his office. Thus, the maintenance of records complies with the definition of registration in the partnership agreement. The question remains whether the system contemplated by the partner-

ship agreement is sufficient to meet the registration requirement of Article 8.

◼ Article 8 does not define registration or give any counsel as to what steps must be taken to effectuate it. The plain language of "registered upon books maintained for that purpose" implies that the issuer must take some kind of action in writing rather than merely filing a document prepared by the assignor. This partnership does not maintain books, in the literal sense, for the purpose of registering transfers of interests.

Section 440.8401 provides for registration of the pledge of the security after submission of an instruction. Section 440.8308(4) defines instruction as "an order to the issuer of an uncertificated security requesting that the transfer, pledge, or release from pledge of the uncertificated security specified therein be registered." Mich. Comp.L.Ann. § 440.8308(4) (Supp.1992). There is no language in either pledge in this case, Defendant's Evidence of Maintenance of Partnership Records, Exhibits D–1 and D–2, requesting that the pledge be registered. As the partnership agreement did not require submission of an instruction for an effective transfer of a partnership interest, the agreement does not require all of the prerequisites to registration as Article 8, and thus registration under the agreement cannot be said to be adequate registration under Article 8.

◼ Further, § 440.8408(2) requires the issuer of an uncertificated security to send a written statement to the owner and pledgee confirming the registration. Such a statement was never sent in this case. While § 440.8408(9) provides that the issuance of the statement confers no legal rights, failure to comply with the notification requirements is further evidence that the securities at issue are not "registered" and thus not "uncertificated" within the scope of Article 8.

### III.

◼ Since the partnership has not complied with the registration requirements envisioned by Article 8, this transaction is not within the scope of that U.C.C. article. Instead, the perfection of the general partner's security interest is governed by Article 9 of the U.C.C. As the defendant did not file a financing statement, his security interest is unperfected. *See* Mich.Comp. L.Ann. §§ 440.9106, 440.9302 (Supp.1992). Therefore summary judgment is GRANTED to the plaintiff.

The parties may submit an appropriate order.